THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00022-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| DAVID SCOTT COOK, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release and/or release to home detention. [Doc. 31]. The Government opposes the Defendant's motion. [Doc. 34].

**I.     BACKGROUND**

In August 2017, the Defendant David Scott Cook was convicted of one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 27]. The Court sentenced the Defendant to 92 months' imprisonment. [Id.].

The Defendant is currently serving his sentence with the Bureau of Prisons (BOP) at Ashland Federal Correctional Institution (Ashland FCI). According to the Bureau of Prisons website, his projected release date is

May 3, 2023.¹ The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 31]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served or a release to home confinement. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

In response to the Defendant's motion, the Government concedes that the Defendant appears to have exhausted his available administrative

---

¹ See https://www.bop.gov/inmateloc/ (last visited August 21, 2020).

remedies. [Doc. 34]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

3

any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Here, the Defendant asserts that his underlying health conditions—including high blood pressure, diabetes, and obesity—place him at a higher

4

risk for severe illness resulting from COVID-19.  The Government does not dispute that these conditions constitute serious medical conditions, although it appears from a review of the Defendant's medical records that these conditions are being managed and are well-controlled.  [See Doc. 35].  The Government argues that compassionate release remains unwarranted because the Defendant continues to pose a danger to the community.  [Doc. 34].

Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant has a long history of serious drug offenses.  Prior to his present federal conviction, the Defendant was convicted in state court of multiple controlled substance offenses.  [Doc. 23: PSR at 7, 8, 12]. Additionally, the Defendant has a history of failing to appear for required court appearances and of failing to abide by the terms of supervised release. [Id. at 7-11].  While many of these instances did not earn the Defendant any

5

criminal history points, they demonstrate his extreme disregard for the law and they raise serious doubts as to whether that he woulb be successful if afforded an early release. Under these circumstances, the Court cannot conclude that the Defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

As for the relevant § 3553(a) factors, the Court finds that reducing the Defendant's prison sentence would reduce the capacity of that sentence to reflect the seriousness of the Defendant's offense, would fail to promote respect for the law, and would fail to promote just punishment. The Defendant's extensive criminal history reflects an inability to conform his conduct to the law and a refusal to respect the authority of the Court, which confirms that his full prison sentence remains necessary to promote adequate deterrence and to protect the public from further crimes of the Defendant. Thus, even if Defendant's medical conditions presented an extraordinary circumstance, the Court in its discretion must deny the Defendant's request for compassionate release.

The Defendant alternatively moves the Court to order his release to home confinement. [Doc. 59]. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the

6

Attorney General.³ See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky.

---

³ Under 18 U.S.C. 3582(c)(1)(A), the Court may reduce a term of imprisonment and impose a term of supervised release corresponding to the unserved portion of the original term of imprisonment that includes a condition requiring home detention. Because the Court has concluded that the Defendant has not meet the statutory requirements to receive a sentence reduction under §3582(c)(1)(A), the Defendant is not eligible for home detention under that provision.

Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original). For these reasons, the Defendant's alternate request for a release to home detention is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release and/or release to home detention [Doc. 31], is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 25, 2020

Martin Reidinger
Chief United States District Judge